## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOUTEZ PRICE, | ) | Case No. 1:17-cv-01548 |
| | ) | |
| Plaintiff, | ) | Judge Sarah Ellis |
| | ) | |
| | ) | Magistrate Sidney I. Schenkier |
| v. | ) | |
| | ) | |
| THOMAS DART, in his individual and official | ) | |
| capacity as Sheriff of Cook County, Illinois, | ) | Plaintiff Demands Trial By Jury |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, RAYMOUTEZ PRICE ("Plaintiff"), by and through his attorneys, POWER ROGERS & SMITH, LLP, for his First Amended Complaint against Defendant THOMAS DART, the Sheriff of Cook County ("Sheriff Dart"), in his Official Capacity, states as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this First Amended Complaint pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 701.

2.     Through this action, Plaintiff seeks redress for the wrongs and damages he suffered as a result of Defendant's refusal to provide reasonable accommodations as a result of his disability, and seeks damages and other relief as described below.

## PARTIES

3.     On and prior to January 13, 2017, and at all times material, Plaintiff was an individual who was incarcerated at the Cook County Department of Corrections (the "CCDOC"), Cook County Jail, 2700 South California Avenue, Chicago, Illinois.

4.      On and prior to January 13, 2017, and at all times material, Defendant Sheriff Dart served in the elected position of Sheriff of Cook County, Illinois. Sheriff Dart was at all relevant times hereto the final decision maker and policy maker in the Sheriff's Office. Defendant Sheriff Dart is sued in his official and individual capacities.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over Plaintiff's claims, which arise under the American with Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 701.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this action occurred in this District.

## FACTS

7.      On and prior to January 13, 2017, and at all times material, Plaintiff was a paraplegic and confined to a wheelchair.

8.      On and prior to January 13, 2017, and at all times material, Plaintiff was a qualified person with a disability.

9.      On and prior to January 13, 2017, and at all times material, Plaintiff was housed in a jail cell with a bed that did not have guard rails.

10.     On or about 4:00 AM on January 13, 2017, and at all times material, Plaintiff was caused to fall out of his bed.

11.     On or about 4:00 AM on January 13, 2017, and at all times material, Plaintiff's fall would have been prevented by guard rails.

12.     On or about 4:00 AM on January 13, 2017, and at all times material, Plaintiff was denied the benefits of a guard rail.

2

13.     On or about 4:00 AM on January 13, 2017, and at all times material, Plaintiff was discriminated against based on his disability.

14.     At some point between January 15, 2017 and January 18, 2017, Plaintiff obtained medical care for the injuries he sustained during his fall on January 13, 2017.

15.     At some point between January 15, 2017 and January 18, 2017, when obtaining medical care for the injuries he sustained during his fall on January 13, 2017, the Plaintiff's hospital bed did not have guard rails.

16.     At some point between January 15, 2017 and January 18, 2017, when obtaining medical care for the injuries he sustained during his fall on January 13, 2017, because the Plaintiff's hospital bed did not have guard rails, he was caused to fall from his bed a second time.

17.     At some point between January 15, 2017 and January 18, 2017, when obtaining medical care for the injuries he sustained during his fall on January 13, 2017, Plaintiff's fall would have been prevented by guard rails.

18.     At some point between January 15, 2017 and January 18, 2017, when obtaining medical care for the injuries he sustained during his fall on January 13, 2017, and at all times material, Plaintiff was denied the benefits of a guard rail.

19.     At some point between January 15, 2017 and January 18, 2017, when obtaining medical care for the injuries he sustained during his fall on January 13, 2017, and at all times material, Plaintiff was discriminated against based on his disability.

20.     On or about January 18, 2017, and at all times material, Plaintiff continued to be housed in a jail cell with a bed that did not have guard rails.

21.     On or about January 18, 2017, and at all times material, Plaintiff was caused to fall out of his bed.

3

22.     On or about January 18, 2017, and at all times material, Plaintiff's fall would have been prevented by guard rails.

23.     On or about January 18, 2017, and at all times material, Plaintiff was denied the benefits of a guard rail.

24.     On or about January 18, 2017, and at all times material, Plaintiff was discriminated against based on his disability.

**COUNT I**
**VIOLATION OF THE AMERICAN WITH DISABILITIES ACT 42 U.S.C. § 12101**

25.     Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 24 of this First Amended Complaint.

26.     As set forth above, on and prior to January 13, 15, 16, 17, and 18, 2017, Plaintiff had a disability as defined by the Americans with Disabilities Act ("ADA").

27.     Plaintiff's medical records and/or his status as a paraplegic constitute a "record of disability" as defined by the ADA.

28.     On and prior to January 18, 2017, Defendant engaged in a policy, pattern, and practice of discrimination based on disability.

29.     On and prior to January 18, 2017, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment based on his disability.

30.      On and prior to January 18, 2017, Defendant refused to provide reasonable accommodations to Plaintiff.

31.     On and prior to January 18, 2017, the injuries and other damages Plaintiff sustained in the three falls as described above would have been avoided had Defendant provided him with a reasonable accommodation.

32.     On and prior to January 18, 2017, Defendant refused to engage in interactive dialogue with the Plaintiff regarding what accommodation(s) could be made.

33.     Defendant intentionally, with malice, and reckless indifference toward Plaintiff's rights, violated the ADA by refusing to accommodate Plaintiff's disability despite knowing that the ADA required such accommodations and interactive dialogue.

34.     The actions of Defendant in intentionally engaging in and condoning disability discrimination against Plaintiff has caused Plaintiff significant and permanent injuries and damages, including but not limited to mental anguish, humiliation, degradation, pain, suffering, disability, disfigurement, emotional distress, and has incurred medical and rehabilitative expenses, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

35.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant Sheriff Dart as follows:

a.      Granting Plaintiff all benefits that he would have received but for the discrimination, including pre-judgment interest;

b.      Granting Plaintiff compensatory damages in an amount to be determined at trial;

c.      Granting a permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

d.      Granting a permanent injunction requiring Defendant to adopt practices and policies in accord and conformity with the requirements of the Americans with Disabilities Act, 42 U.S.C. § 12101;

e.      Granting a declaratory judgment that Defendant's actions violate Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101;

f.      That this Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

g.      Granting Plaintiff an award of reasonable attorneys' fees, costs, and litigation expenses; and

h.      Granting such other relief as this Court deems just or equitable.

## COUNT II
## VIOLATION OF THE REHABIITATION ACT 29 U.S.C. § 701

36.    Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 24 of this First Amended Complaint.

37.    As set forth above, on and prior to January 13, 15, 16, 17, and 18, 2017, Plaintiff had a disability as defined by the Rehabilitation Act, 29 U.S.C. § 701.

38.    Plaintiff's medical records and/or his status as a paraplegic constitute a "record of disability."

39.    On and prior to January 18, 2017, the Sheriff of Cook County and the Cook County Department of Corrections received federal funds.

40.    On and prior to January 18, 2017, Defendant engaged in a policy, pattern, and practice of discrimination based on disability.

41.    On and prior to January 18, 2017, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment based on his disability.

42.     On and prior to January 18, 2017, Defendant refused to provide reasonable accommodations to Plaintiff to protect him against risks of harm caused by his disability.

43.     On and prior to January 18, 2017, the injuries and other damages Plaintiff sustained in the three falls as described above would have been avoided had Defendant provided him with a reasonable accommodation.

44.     On and prior to January 18, 2017, Defendant refused to engage in interactive dialogue with the Plaintiff regarding what accommodation(s) could be made.

45.     Defendant intentionally, with malice, and reckless indifference toward Plaintiff's rights, violated the Rehabilitation Act by refusing to accommodate Plaintiff's disability despite knowing that the Rehabilitation Act required such accommodations and interactive dialogue.

46.     The actions of Defendant in intentionally engaging in and condoning disability discrimination against Plaintiff has caused Plaintiff significant and permanent injuries and damages, including but not limited to mental anguish, humiliation, degradation, pain, suffering, disability, disfigurement, emotional distress, and has incurred medical and rehabilitative expenses, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

47.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant Sheriff Dart as follows:

    a.  Granting Plaintiff all benefits that he would have received but for the discrimination, including pre-judgment interest;

    b.  Granting Plaintiff compensatory damages in an amount to be determined at trial;

    c.  Granting a permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

    d.  Granting a permanent injunction requiring Defendant to adopt practices and policies in accord and conformity with the requirements of the Rehabilitation Act, 29 U.S.C. § 701;

e.      Granting a declaratory judgment that Defendant's actions violate the Rehabilitation Act, 29 U.S.C. § 701;

f.      That this Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

g.      Granting Plaintiff an award of reasonable attorneys' fees, costs, and litigation expenses; and

h.      Granting such other relief as this Court deems just or equitable.

Respectfully Submitted,

**POWER ROGERS & SMITH, LLP**

By: /s/ Kathryn L. Conway
*One of the attorneys for Plaintiff*
Kathryn L. Conway
POWER ROGERS & SMITH, LLP
70 W. Madison Street, Suite 5500
Chicago, IL 60602
(p) 312.236.9381
(f) 312.236.0920
KConway@prslaw.com